IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWARD HENRY,**
        **Plaintiff,**

vs.                                        CIV No. 08-00483 JCH/ACT

**CITY OF ALBUQUERQUE, et al**
        **Defendants**

### PLAINTIFF'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION (WITH CITATIONS)

Plaintiff **EDWARD HENRY**, through his attorney, Dennis W. Montoya, MONTOYA LAW, INC. hereby submits his supplemental proposed instruction to the jury for the trial commenced on the Court's August 16, 2010 docket, attached and herein incorporated by reference.

                                          Respectfully submitted,
                                          **MONTOYA LAW, INC.**

                      By:    /s/ Dennis W. Montoya
                              Dennis W. Montoya
                              P.O. Box 15235
                              Rio Rancho, NM   87174
                              (505) 246-8499
                              (505) 246-8599 (facsimile)
                              Attorney for Ed Henry

### CERTIFICATE OF SERVICE

I hereby certify that this document was delivered to opposing counsel via the Court's CM/ECF electronic filing system on August 17, 2010.

/s/ Dennis W. Montoya
Dennis W. Montoya

**PRAECIPE FOR PLAINTIFF'S OPPOSED REQUESTED JURY INSTRUCTIONS**

|  | GIVEN | REFUSED | MODIFIED |
|---|---|---|---|
| **Requested Instruction No. 23** | _____ | _____ | _____ |

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 23**

Evidence has been presented during the course of this trial regarding the defendant officers' compliance with Standard Operating Procedure of their police department. Compliance with Standard Operating Procedure is not to be considered by you in determining whether the degree of force used against the plaintiff violated his rights under the Constitution. Instead, you are to consider only whether the degree of force used against the Plaintiff was reasonable under the totality of the circumstances and from the point of view of reasonable police officers at the time and place of the occurrences.

AUTHORITY:  *Tanberg v.Sholtis*, 401 F.3d 1151, 1159 (10th Cir. 2005) (modified to reflect use of force instead of probable cause); *United States v. Tueller*, 349 F.3d 1239 (10th Cir. 2003) (even inventory searches performed in accordance with the department's standard operating procedure must satisfy the Fourth Amendment's reasonableness requirement).