**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AUG 1 7 2010

**MATTHEW J. DYKMAN**

**CLERK**

EDWARD HENRY,

      Plaintiff,

v.

No. CIV 08-483 JCH/ACT

OFFICER JACOB STOREY  and
OFFICER AMY FANGIO, Individually and
in their Official Capacities as Police Officers
for the CITY OF ALBUQUERQUE,

      Defendants.

**COURT'S JURY INSTRUCTIONS**

*Judith C. Herrera*
August 17, 2010

## INSTRUCTION NO. 1

Members of the jury, you have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case--that is, in reaching your decision as to the facts--it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it also is your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

**INSTRUCTION NO. 3**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons, including police officers and ordinary citizens, stand equal before the law, and are to be dealt with as equals in a court of justice.

**INSTRUCTION NO. 4**

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses, the exhibits I have admitted, and any facts I have instructed you to accept as true. Remember that any statements, objections or arguments made by the lawyers are not evidence and are not binding upon you. In the final analysis it is your own recollection and interpretation of the evidence that controls in the case.

The production of evidence in court is governed by rules of law. From time to time it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**INSTRUCTION NO. 5**

In this case, Plaintiff must prove every essential part of his claim by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

In deciding whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**INSTRUCTION NO. 6**

In this trial, Plaintiff Edward Henry seeks compensation from Defendants Jacob Storey and Amy Fangio, both of whom are officers with the Albuquerque Police Department. Plaintiff claims that Defendants Storey and Fangio violated his Fourth Amendment rights under the Constitution of the United States. Specifically, he claims that excessive force by Defendant Fangio was used unlawfully against him. He also claims that Defendant Storey violated his right to equal protection under the law by targeting him based only on his race. Plaintiff has the burden of proving his claims by a preponderance of the evidence.

Defendants deny Plaintiff's claims and claim that they acted in good faith and that their actions were authorized by clearly established law and were objectively reasonable given the facts and circumstances facing them.

## INSTRUCTION NO. 7

Under the Equal Protection Clause of the United States Constitution, every citizen has the right not to be targeted for police action based on his race. Under the Fourth Amendment to the United States Constitution, every citizen has the right not to be subjected to an excessive use of force. The law provides that a person may sue for an award of money damages against anyone who, "under color" of any state law, subjects that person to the deprivation of any rights protected by the Constitution of the United States.

In order for Plaintiff to prevail on his claims, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First: That Defendant Storey violated Plaintiff's Equal Protection rights by targeting him for police action based on his race, or that Defendant Fangio violated Plaintiff's Fourth Amendment rights by using excessive force to effectuate his arrest.

Second: That Defendant acted "under color" of state law; and

Third: That Defendants' acts were the proximate cause of Plaintiff's damages. The Court will discuss, in later instructions, the definition of proximate cause and what Plaintiff must show to establish damages.

In this case, you are instructed that Defendants were acting under color of state law at the time of the acts complained of. You must accept this fact as proven.

## INSTRUCTION NO. 8

Plaintiff claims that on or about May 21, 2006, Defendant Storey stopped and detained him based on racial profiling and Defendant Fangio applied excessive force to his person. You must first decide whether Defendants Storey and Fangio committed the acts that Plaintiff claims they committed; and, if so, you must then decide whether Defendants were acting within or beyond the bounds of their lawful authority under State law. If Defendants acted within the limits of their lawful authority under State law, then they did not deprive Plaintiff of any rights without probable cause and you must find for Defendants. On the other hand, if you find that Plaintiff has proven by a preponderance of the evidence that a Defendant intentionally committed an act which deprived Plaintiff of his constitutional right to be free from racial profiling or excessive force, then you must find for Plaintiff and against that Defendant.

**INSTRUCTION NO. 9**

You are instructed that a police officer may stop and briefly detain a person to investigate potential wrongdoing only if the officer has an objectively reasonable and articulable suspicion that the person is engaged in criminal activity.  A lawful investigatory stop may be made on reasonable suspicion of an offense, even though the suspect may not ultimately be convicted of that offense.  A reasonable suspicion may be a mistaken one.

An investigative detention does not automatically become unreasonable just because an officer places handcuffs on a suspect.  Detention of suspects may be necessary to ensure officer safety and to maintain an officer's control over a suspected crime scene.  Thus, during a detention based on reasonable suspicion, an officer is authorized to take such steps as are reasonably necessary to protect his or her personal safety and to maintain the status quo during the course of the detention.

**INSTRUCTION NO. 10**

Plaintiff claims that he was targeted by Defendant Storey based on his race.  He claims that Defendant Storey targeted him for a traffic stop and/or for harsh treatment based upon his race.  Law enforcement that is selective on the basis of a person's race violates the Equal Protection Clause of the United States Constitution.  To make an Equal Protection claim in a racial profiling context, a plaintiff is required to prove that the actions of officials: (1) had a discriminatory effect; and (2) were motivated by a discriminatory purpose.  Plaintiff has the burden of proving these claims by a preponderance of the evidence.

## INSTRUCTION NO. 11

Plaintiff also claims that Defendant Fangio used excessive force in detaining or arresting him. Every person has the constitutional right not to be subjected to unreasonable or excessive force while being detained or arrested by law enforcement officers, even if such detention or arrest is otherwise proper. However, in making a lawful detention or arrest, an officer has the right to use such force as is necessary under the circumstances to complete the detention or arrest. You must determine whether the force used in making the detention or arrest of Plaintiff was unnecessary, unreasonable, or excessively violent. The force used in making a detention or arrest is unnecessary, unreasonable, or excessively violent if the detaining or arresting officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied in making the detention or arrest under the same circumstances.

Whether the force used by an officer is reasonable depends on the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

**INSTRUCTION NO. 12**

The question to consider is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's bad intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

For purposes of determining the reasonableness of a defendant's use of force, you must not consider Plaintiff's state of mind and/or intentions. The inquiry is not into the heart or mind of Plaintiff, but rather whether, from an objective viewpoint and taking all factors into consideration, a Defendant used a reasonable amount of force.

The reasonableness standard does not require that a Defendant use the least intrusive or a less intrusive use of force so long as the force actually used by a Defendant was reasonable.

## INSTRUCTION NO. 13

An officer's seizure of a subject may be considered unreasonable if it is unnecessarily painful or prolonged.

## INSTRUCTION NO. 14

Unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury that is not *de minimis* from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight.

**INSTRUCTION NO. 15**

It is not necessary to find that Defendants had any specific intent to deprive Plaintiff of his civil rights in order to find in favor of Plaintiff. Plaintiff is entitled to relief if Defendants' conduct was intentional and violated the law, as defined in these instructions.

**INSTRUCTION NO. 17**

Plaintiff must prove by a preponderance of the evidence that any wrongful act or failure to act by a Defendant was a cause-in-fact of the damage Plaintiff suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants Storey or Fangio was a proximate cause of the damage he suffered.

If you find that Plaintiff has proven any of the above claims as to either Defendant by a preponderance of the evidence, you must find for Plaintiff and against that Defendant as to that claim.  If, however, you find that Plaintiff has not proven any of the above claims as to either Defendant by a preponderance of the evidence, you must find for the Defendants.

**INSTRUCTION NO. 18**

A proximate cause of damages is that which in a natural and continuous sequence produces the damages, and without which the damages would not have occurred.  It need not be the only cause, nor the last nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the damages.

## INSTRUCTION NO. 19

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable another is liable.  Each Defendant is entitled to a fair consideration of that Defendant's own defense.  You will decide each Defendant's case separately, as if each were a separate lawsuit.

**INSTRUCTION NO. 20**

An officer's liability must be based on personal involvement in the alleged constitutional violation.  Therefore you are instructed that an officer's mere presence on scene does not render the officer liable unless the officer personally participates in an alleged constitutional infraction.

**INSTRUCTION NO. 21**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 22**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is indirect evidence that is proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**INSTRUCTION NO. 23**

I remind you that it is your job to decide the facts in this case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either a plaintiff or a defendant? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

**INSTRUCTION NO. 24**

A witness may be discredited by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you think it deserves.

## INSTRUCTION NO. 25

If Plaintiff has proven his claim against a Defendant by a preponderance of the evidence, then you must determine the damages to which Plaintiff is entitled from that Defendant.

You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether a Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that a Defendant is liable and that Plaintiff is entitled to recover money from a Defendant.

**INSTRUCTION NO. 26**

Damages must be reasonable.  If you should find that Plaintiff is entitled to a verdict, you may award only such damages as will reasonably compensate Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that Plaintiff has sustained as a proximate result of a Defendant's alleged wrongful conduct.

## INSTRUCTION NO. 27

If you find that either Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that Plaintiff has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injuries. If you find in favor of Plaintiff on liability, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a Defendant's conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**INSTRUCTION NO. 28**

You may award damages for any bodily injury that Plaintiff sustained and any pain and suffering, emotional distress, personal humiliation, or mental anguish that Plaintiff experienced in the past or is reasonably likely to experience in the future.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

In fixing the amount of money which will reasonably and fairly compensate Plaintiff, you are to consider that one who is damaged must exercise ordinary care to minimize existing damages and to prevent further damages.  A plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part.

## INSTRUCTION NO. 29

If you find that Plaintiff is entitled to a verdict in accordance with these instructions, but find that Plaintiff has suffered no harm or insignificant harm, then you may return a verdict for Plaintiff in some nominal sum such as One Dollar (on account of actual damages).

The award of a nominal sum on account of actual damages would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.

## INSTRUCTION NO. 30

If you find Plaintiff is entitled to compensatory damages from Defendants, you may consider whether Plaintiff is entitled to punitive damages against either one or both Defendants. You may award punitive damages against Defendants only if Plaintiff has proved that Defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that either Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may consider the financial resources of the defendants in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

## INSTRUCTION NO. 31

You must not award compensatory damages more than once for the same injury.  For example, if Plaintiff prevails on his claims as against both Defendants, and establishes a dollar amount for his injuries, you must not award Plaintiff any additional compensatory damages on each claim.  Plaintiff is only entitled to be made whole once, and may not recover more than has been lost.  Of course, if different injuries are attributed to the separate Defendants, then you must compensate Plaintiff fully for all injuries.

With respect to punitive damages, you may make separate awards on each claim that Plaintiff has established.

Although there are two individual Defendants in this case, it does not necessarily follow that if one is liable, the other is also liable.  Each Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Defendant.

In fixing the total amount of damages against one or both Defendants, you may not reduce the amount of those damages by comparing the fault of any person who you believe may have caused or contributed to the damages.

## INSTRUCTION NO. 32

Faithful performance by you of your duties is vital to the administration of justice. Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. 33**

The jury acts as a body. Therefore, on every question which you must answer, it is necessary that all jurors participate. Before a question can be answered, all of you must agree upon the answer.

**INSTRUCTION NO. 34**

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  You will take this verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it, and then notify the court security officer that you have reached a verdict.

[Read the Verdict Form]

## INSTRUCTION NO. 35

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


EDWARD HENRY,

        Plaintiff,

v.                                      No. CIV 08-483 JCH/ACT

OFFICER JACOB STOREY  and
OFFICER AMY FANGIO, Individually and
in their Official Capacities as Police Officers
for the CITY OF ALBUQUERQUE,

        Defendants.


## VERDICT FORM

1.     Do you find that Plaintiff Edward Henry has shown by a preponderance of the evidence

    that his due process rights to equal protection were violated by Defendant Storey?

    Yes _____ No _____

**NOTE: IF YOUR ANSWER TO QUESTION NO. 1 IS YES, PLEASE PROCEED TO**
**QUESTION NO. 2. IF YOUR ANSWER TO QUESTION NO. 1 IS NO, THEN PLEASE**
**PROCEED TO QUESTION 4.**

2.     Do you find by a preponderance of the evidence that Plaintiff Edward Henry has suffered

    compensatory damages as a proximate cause of the denial of his equal protection rights

    by Defendant Storey?

    Yes _____ No _____

**NOTE: IF YOUR ANSWER TO QUESTION NO. 2 IS YES, PLEASE FILL OUT THE**
**LINE MARKED "AMOUNT OF DAMAGES" BELOW WITH THE AMOUNT YOU**
**DETERMINE TO BE THE PROPER AWARD. IF YOUR ANSWER IS NO, THEN**
**PLEASE AWARD NOMINAL DAMAGES OF $1.00 AS THE AMOUNT OF DAMAGES.**

**PLEASE PROCEED THEN TO QUESTION NO. 3.**

Amount of damages $_____

3.       With respect to the above claim against Defendant Storey, do you find that the conduct of

Defendant Storey was malicious, willful, reckless, or wanton?

Yes _____ No _____

If your answer is "Yes," state the total amount of punitive damages, if any, that you find

needs to be awarded to punish Defendant Storey and deter others from the commission of like

offenses: $_____.

**PLEASE PROCEED THEN TO QUESTION NO. 4.**

4.       Do you find that Plaintiff Edward Henry has shown by a preponderance of the evidence

that his Fourth Amendment Rights were violated because the force used against him by

Defendant Fangio was excessive?

Yes _____ No _____

**NOTE: IF YOUR ANSWER TO QUESTION NO. 4 IS YES, PLEASE PROCEED TO QUESTION NO. 5. IF YOUR ANSWER IS NO, THEN STOP, SIGN THE FORM, AND NOTIFY THE COURT THAT YOUR DELIBERATIONS ARE COMPLETE.**

5.       Do you find by a preponderance of the evidence that Plaintiff Edward Henry has suffered

compensatory damages as a proximate cause of the use of excessive force against him by

Defendant Fangio?

Yes _____ No _____

**NOTE: IF YOUR ANSWER TO QUESTION NO. 5 IS YES, PLEASE FILL OUT THE LINE MARKED "AMOUNT OF DAMAGES" BELOW WITH THE AMOUNT YOU DETERMINE TO BE THE PROPER AWARD. IF YOUR ANSWER IS NO, THEN PLEASE AWARD NOMINAL DAMAGES OF $1.00 AS THE AMOUNT OF DAMAGES. PLEASE PROCEED THEN TO QUESTION NO. 6.**

Amount of damages $_____

6.      With respect to the above claim against Defendant Fangio, do you find that the conduct

of Defendant Fangio was malicious, willful, reckless, or wanton?

Yes _____ No _____

If your answer is "Yes," state the total amount of punitive damages, if any, that you find

needs to be awarded to punish Defendant Fangio and deter others from the commission of like

offenses: $_____.

**NOTE: PLEASE SIGN AND DATE THIS VERDICT FORM WHEN YOU HAVE
COMPLETED IT.**

Dated: _____

_____
FOREPERSON